Dear Mr. Coreil:
On behalf of the Evangeline Parish School Board ("Board"), you requested an opinion from this office regarding an interpretation of La. R.S.17:416. Your specific inquiry was the following:
 Are the provisions of La. R.S. 17:416 (C)(4) applicable when a student admits to possession and distribution of drugs on campus and has received the mandatory expulsion set forth in La. R.S. 17:416 (C)(2)(a)(ii) when the parish does not have a drug court or an approved alternative education program for suspended and expelled students.
The facts provided in your request for an opinion are as follows: A student was caught with and admitted to possession of drugs on the Mamou Campus. In accordance with La. R.S. 17:416(C), the principal recommended expulsion. A hearing was conducted by the designee of the Evangeline Parish School Board superintendent ("Superintendent"), and a finding was made that the student was guilty of the conduct and that the conduct warranted the recommendation of expulsion. The parents of the expelled child filed an appeal with the Board to review the findings of the Superintendent. The Board approved the expulsion, but modified the Superintendent's decision by allowing the student to be homebound and designated a teacher to give special instruction to the student.
You state that you advised the Board that its authority to modify the Superintendent's decision was limited to allowing the student to participate in a drug court program or an alternative education program for suspended or expelled students.[1] Based on the facts and the provisions of La. R.S. 17:416, particularly the mandatory expulsion provisions of Subsection 416(C)(2)(a)(i), you ask whether the Board had the authority to allow the expelled student to receive special instruction from a designated teacher. You further direct our attention to Atty. Gen. Op. No. 92-399 which stated that, where a mandatory expulsion is required under Subsection 416(C)(2)(a)(i), a school board lacks any discretion it may otherwise possess under Subsection 416(C)(4).
Based on the information contained in your letter and applicable law, it is the opinion of this office that La. R.S. 17:416(C)(4) allowing school boards to modify the superintendent's decision is applicable to the Board, such that the Board could modify the Superintendent's decision to expel the student.
La. R.S. 17:416 governs the discipline, suspension and expulsion of students; it establishes the legal authority as well as the procedures for a school to suspend or expel a student in possession of a controlled or dangerous substance while on campus. A student who is suspended for committing certain offenses (including drug possession) may be expelled upon the recommendation of the principal of the school in which the student was enrolled. La. R.S. 17:416 (B)(1)(a). Upon the principal's recommendation of expulsion, the superintendent conducts a hearing to determine the facts of the case and to determine whether the student is guilty of conduct warranting expulsion. La. R.S. 17:416(C)(1). Within five days of the superintendent's decision, the parent of the student may request the city or parish school board to review the findings of the superintendent. La. R.S. 17:416(C)(4). If timely appealed, the school board may affirm, modify, or reverse the actions previously taken by the superintendent. La. R.S. 17:416 (C)(4).
As the Board's scope of authority to modify the Superintendent's decision is at issue and in the absence of any express statutory provisions or case law, we look to the ordinary meaning of the word "modify" to guide our analysis.[2] "Modify" means, among other things, to change or alter, and a modification, a change or alteration. SeeBlack's Law Dictionary 1004 (6th ed.1990). Since the actions taken by the Board would be considered a change or alteration of the Superintendent's recommendation, the Board's actions would reasonably constitute a modification. La. R.S. 17:416 gives the local school board the authority to amend, modify or reverse. The Louisiana Legislature did not place any restrictions on the Board's ability to modify; had the Legislature intended for only certain modifications to be allowed it would have included that prohibition in the statute. See La. C.C. art.9.
You have stated that the statute mandates an expulsion under La. R.S.17:416(C)(2)(a)(i), and that a school board's authority to modify cannot extend to the mandatory provisions of La. R.S. 17:416(C)(2)(a)(i). However, the mandatory expulsion provisions proceed to subject the mandatory expulsion to the discretion of the school board. See La. R.S.17:416(C)(2)(d)(1), which authorizes a local school board to readmit a student on a probationary basis after the student has been expelled. Moreover, this readmission may occur at any time and it need not be limited to placing a student in an alternative education program. This provision clearly indicates that the Louisiana Legislature intended to subject the mandatory expulsion provisions to a local school board's discretion to fashion a suitable plan of education for an expelled student. Any conclusion that a local school board lacks the authority to modify the decision of the superintendent by offering home-bound educational services to an expelled student would be inconsistent with the provisions of La. R.S. 17:416(C)(2)(d)(1).
Therefore, it is the opinion of this office that the Board did not violate the provisions of La. R.S. 17:416 when it offered the expelled student the option to remain homebound and receive special instruction by a designated teacher.[3] The Board had the authority to affirm, modify or reverse the decision of the Superintendent regarding the student's expulsion, and chose to modify it. See La. Atty Gen. Op. No. 80-1524. The statute does not expressly restrict a school board's authority to the two options you have identified in your request — i.e., enrollment in a drug court program or an alternative school for expelled or suspended students. Nor are we able to find any implied restrictions, as explained above.
Your opinion request contained the following quotation from La. Atty. Gen. Op. No. 92-399: "La. R.S. 17:416 (C)(4) is not applicable to the provisions of La. R.S. 17:416 (C) that relate to the mandatory expulsion of a student in possession of a firearm. The school board may not affirm, modify, or reverse the action previously taken if a student is found to be in possession of a firearm on school property." The 1992 opinion addressed the following question: "[ . . . ] if in fact the school board finds that there was possession of a firearm on school property, may the school board under those circumstances modify or reverse the expulsion?" The 1992 opinion stated that the school board may not modify or reverse the expulsion based on the following reasoning: "La. R.S. 17:416(C)(4) provides that a decision can be reviewed by the city or parish school board upon the request of the parent or tutor of the pupil. However, the `decision' spoken of relates to specific parts of La. R.S. 17:416(B) and 17:416(C) where the principal is allowed to actually make a decision regarding the expulsion or suspension of a student."
We are unable to find any legal authority to support the conclusion in the 1992 opinion that a school board lacks the authority to modify a decision of a parish superintendent. The statute clearly states that a parent or guardian may appeal the decision of the superintendent, and that on appeal, a school board may modify the decision of the superintendent. In view of the statutory provisions, particularly La. R.S. 17:416(c)(2)(d)(1) and La. R.S. 17:416(C)(4), it is the opinion of this office that a school board's authority to modify the superintendent's decision has no special restrictions where the superintendent or principal recommends the student for expulsion under La. R.S. 17:416(C)(2)(a). To the extent that Atty. Gen. Op. No. 92-399 is inconsistent with this opinion, it is recalled.
To summarize, the Board acted within its authority in its decision to modify the decision of the Superintendent by offering homebound educational services to the expelled student, where the Board does not have an alternative education program or a drug court.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 Uma M. Subramanian Assistant Attorney General
CCF, Jr.:UMS:cl
[1] The Board has obtained a waiver from its obligation to provide alternative education to expelled students under La. R.S. 17:416.2.
[2] The words of a law must be given their generally prevailing meaning. La. C.C. art. 11.
[3] We express no opinion on whether a school board, which has obtained a waiver under La. R.S. 17:416.2 of its obligation to provide alternative education to expelled students, must offer a plan of education for an expelled student. That issue is not raised in your opinion request, nor do we address it in this opinion.